# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION



U.S. DISTRICT COURT
N.D. OF ALABAMA

| | | |
|---|---|---|
| UNITED HEALTHCARE OF ALABAMA, INC., | ] ] ] | |
| Plaintiff, | ] ] | |
| vs. | ] ] | CV-98-N-1554-S |
| HENRY ASHLEY, | ] ] | |
| Defendant. | ] ] | |

**ENTERED OCT 2 0 2000**

## MEMORANDUM OF OPINION

### I.  Introduction.

This case is before the court on Motion for Summary Judgment by the plaintiff (Doc. No. 14). Judge Lynne set out a submission order (Doc. 17), but defendant did not respond to the plaintiff's motion. Upon due consideration, the plaintiff's Motion for Summary Judgment is hereby **GRANTED**.

### II.  Statement of Facts.[1]

The plaintiff paid $6,985.06 to the defendant for medical expenses incurred by the defendant in a car accident in 1993. (Pl.'s Evidentiary Submission (Doc. 16), Consolidated Statement of Benefits). Defendant later received $30,000 from the third-party tortfeasor in a settlement. (*See id.*, Dep. of Henry Ashley at 26-27). Under the defendant's health insurance plan, plaintiff has a right to reimbursement for benefits paid under the plan if the

---

[1] The facts set out below are gleaned from the parties' submission of facts claimed to be undisputed, their respective responses to those submissions, and the court's own examination of the evidentiary record. These are the "facts" for summary judgment purposes only. They may not be the actual facts. *See Cox v. Administrator U.S. Steel & Carnegie Pension Fund*, 17 F.3d 1386, 1400 (11th Cir. 1994).



defendant recovers from the third party tortfeasor. (*See id.*, Affidavit of Pamela Strong). In this action, plaintiff seeks the money it paid defendant, $6,985.06, from the defendant as reimbursement.

### III. Summary Judgment Standard.

Under Federal Rule of Civil Procedure 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The party asking for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)). The movant can meet this burden by presenting evidence showing there is no dispute of material fact, or by showing that the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. *Celotex*, 477 U.S. at 322-23. There is no requirement, however, "that the moving party support its motion with affidavits or other similar materials *negating* the opponent's claim." *Id.* at 323.

Once the moving party has met his burden, Rule 56(e) "requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a

genuine issue for trial.'" *Celotex*, 477 U.S. at 324 (quoting Fed. R. Civ. P. 56(e)). The nonmoving party need not present evidence in a form necessary for admission at trial; however, he may not merely rest on his pleadings. *Id.* at 324. "[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id.* at 322.

After the plaintiff has properly responded to a proper motion for summary judgment, the court must grant the motion if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The substantive law will identify which facts are material and which are irrelevant. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* at 248. "[T]he judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Id.* at 249. His guide is the same standard necessary to direct a verdict: "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.* at 251-52; *see also Bill Johnson's Restaurants, Inc. v. NLRB*, 461 U.S. 731, 745 n.11 (1983) (indicating the standard for summary judgment is "[s]ubstantively . . . very close" to that for motions for directed verdict). However, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S.

574, 586 (1986). If the evidence is "merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249-50 (citations omitted); accord *Spence v. Zimmerman*, 873 F.2d 256 (11th Cir. 1989).

Furthermore, the court must "view the evidence presented through the prism of the substantive evidentiary burden," so there must be sufficient evidence on which the jury could reasonably find for the plaintiff. *Anderson*, 477 U.S. at 254; *Cottle v. Storer Communication, Inc.*, 849 F.2d 570, 575 (11th Cir. 1988). Nevertheless, credibility determinations, the weighing of evidence, and the drawing of inferences from the facts are functions of the jury, and, therefore, "[t]he evidence of the nonmovant is to be believed and all justifiable inferences are to be drawn in his favor." *Anderson*, 477 U.S. at 255. The nonmovant need not be given the benefit of every inference but only of every reasonable inference. *Brown v. City of Clewiston*, 848 F.2d 1534, 1540 n.12 (11th Cir. 1988).

**IV.     Discussion.**

The plaintiff has met its burden. The Consolidated Statement of Benefits lists the amount paid by the insurance company on behalf of the defendant: $6,985.06. Defendant admitted he received $30,000 from the third party tortfeasor. Most importantly, plaintiff showed, through the affidavit of Pamela Strong, that plaintiff has a right to reimbursement from defendant as to the $6,985.06 paid on defendant's behalf. Defendant has provided the court with nothing to rebut plaintiff's evidence. Plaintiff has proven to the court that the defendant should reimburse the plaintiff, and therefore the court grants the plaintiff's motion for summary judgment.

An appropriate judgment will be entered with this memorandum of opinion.

Done, this __19th__ of October, 2000.

EDWIN L. NELSON
UNITED STATES DISTRICT JUDGE